ORIGINAL

F I L E D
Clerk
District Court

MAY 2 4 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

O'CONNOR BERMAN DOTTS & BANES
Second Floor, Nauru Building
1 Nauru Loop
Susupe, Saipan, CNMI
Mail: PO Box 50-1969 Saipan MP 96950
Phone: 234-5684
Fax: 234-5683

Attorneys for Plaintiffs

IN THE DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| THI THANH HANG CAO PETER and MOHAMMED SHAJAHAN ALI, <br><br> Plaintiffs, <br><br> vs. <br><br> MATTHEW T. GREGORY, individually and in his capacity as Attorney General of the Commonwealth of the Northern Mariana Islands, and MELVIN GREY, individually and in his capacity as Director of Immigration for the Commonwealth of the Northern Mariana Islands, <br><br> Defendant, | Civ. No. 07-CV 07-0018 <br><br><br> COMPLAINT |

Plaintiffs hereby set forth their Complaint against Defendants as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction of this matter pursuant to the Covenant to Establish a Commonwealth of the Northern Mariana Islands In Political Union With the United States of America (Covenant) (authorizing Congress to establish this Court), 48 U.S.C. §§ 1821-22 (establishing this Court and granting it the jurisdiction of a district court of the United States), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 2201 (declaratory relief). Venue is proper in this district under 28 U.S.C. § 1391(b).

### Parties

2. Plaintiff Thi Thanh Hang Cao Peter (hereinafter "Peter") is a citizen of Vietnam residing

in the CNMI.

3. Plaintiff Mohammed Shajahan Ali (hereinafter "Ali") is a citizen of Bangladesh residing in the CNMI.

3. Defendant Matthew T. Gregory is, and was at all times pertinent to this Complaint, Attorney General of the CNMI.

4. Defendant Melvin Grey is, and was at all times pertinent to this Complaint, Director of Immigration for the CNMI.

## Facts

5. Plaintiff Peter is the lawful spouse of Frenchip F. Peter, a citizen of the Federated States of Micronesia (Chuuk State), whom she married on Saipan, CNMI, on December 6, 1999.

6. As a consequence of her marriage, Plaintiff Peter became eligible for Immediate Relative (706D) immigration status under the immigration laws of the CNMI.

7. Plaintiff Peter applied for, and was issued, an Immediate Relative (706D) entry permit each year from 2000 through 2006 by Defendants and/or their predecessors in office. Her last such permit expired on or about March 14, 2007.

8. Plaintiff Peter has submitted an application for renewal of her Immediate Relative entry permit for the year March 2007– March 2008, which remains pending before Defendant Grey.

9. Plaintiff Ali is the lawful spouse of Pensiliter Alipet, a citizen of the Federated States of

2

Micronesia (Pohnpei State), whom he married on Saipan, CNMI, on October 25, 2002.

10. As a consequence of his marriage, Plaintiff Ali became eligible for Immediate Relative (706D) immigration status under the immigration laws of the CNMI.

11. Plaintiff Ali applied for, and was issued, an Immediate Relative (706D) entry permit each year from 2002 through 2005, by Defendants and/or their predecessors in office. His last such permit expired on or about November 5, 2006.

12. Plaintiff Ali has submitted an application for renewal of his Immediate Relative entry permit for the year November 2006 – November 2007, which has been denied by Defendant Grey. The denial has been appealed to Defendant Gregory, and the appeal is pending.

13. On June 20, 2006, the Governor of the CNMI signed into law Public Law 15-17, which, among other things, enacts a new 3 CMC § 4372. A true and correct copy of new 3 CMC § 4372 is attached hereto as Exhibit A.

14. New 3 CMC § 4372 purports to authorize the Director of Immigration to deny an application for renewal of an existing Immediate Relative (706D) entry permit if he determines that there are "substantial grounds" to believe that the said application for entry permit was based on fraudulent grounds.

15. New 3 CMC § 4372 sets forth certain enumerated factors, any one of which alone may form a basis for finding such "substantial grounds."

16. One of the enumerated factors of new 3 CMC § 4372 is that either one of the spouses

3

1  resides primarily outside of the spousal residence and the circumstances indicate that the spouses do
2  not intend to share the same residence.

4  17. New 3 CMC § 4372 further purports to authorize the Attorney General to promulgate
5  by regulation additional factors which may alone form a basis for finding such "substantial grounds."

7  18. On January 16, 2007, Defendant Gregory promulgated new Immigration Regulation §
8  713. A true and correct copy of new Immigration Regulation § 713 is attached hereto as Exhibit B.

10 19. New Immigration Regulation § 713 purports to set forth four conditions, three of which
11 must be met in order for a person to be eligible for renewal of an Immediate Relative (706D) entry
12 permit.

14 20. One of the conditions of new Immigration Regulation § 713 is an affidavit attesting that
15 the couple will share the same primary place of residence in the CNMI.

17 21. Another of the conditions of new Immigration Regulation § 713 is that the sponsoring
18 spouse provide evidence of residence in the CNMI.

20 22. The remaining two conditions of new Immigration Regulation § 713 require, in the case
21 of an application for permit renewal (as opposed to an initial permit), evidence that the marriage is
22 not being "maintained" for the sole purpose of obtaining a labor or immigration benefit.

24 23. Plaintiff Peter's husband is, and has been since about April 2006, residing on Guam,
25 separately from Plaintiff Peter.

24. Plaintiff Ali's wife is, and has been since about September 2004, residing in the United States (first in Georgia, now in Hawaii), separately from Plaintiff Ali.

25. Plaintiff Peter's pending Immediate Relative entry permit renewal application is in the process of being evaluated and determined by Defendant Grey based on new 3 CMC § 4372 and new Immigration Regulation § 713, and will in the near future be so determined.

26. Plaintiff Ali's Immediate Relative entry permit renewal application has been denied by Defendant Grey based on new 3 CMC § 4372 and new Immigration Regulation § 713, and will, on appeal, be evaluated and determined by Defendant Gregory, or his designee, based on such laws and regulations.

### First Cause of Action – Deprivation of Civil Rights

27. Paragraphs 1-26 of this Complaint are realleged and incorporated here by reference.

28. All actions taken by Defendants Gregory and Grey as described herein were taken, and continue to be taken, under color of the law of the CNMI.

29. The promulgation of new Immigration Regulation § 713, and the evaluation and determination of Plaintiffs' entry permit applications based upon new 3 CMC § 4372 and new Immigration Regulation § 713, deprives Plaintiffs, and each of them, of liberty and/or property without due process of law, and of equal protection of the laws, and infringes upon Plaintiffs' rights to freedom of association and marital privacy, in violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, as applicable to the CNMI through the Covenant, and actionable under 42 U.S.C. § 1983.

**Second Cause of Action – Declaratory Relief**

30. Paragraphs 1-29 of this Complaint are realleged and incorporated here by reference.

31. New 3 CMC § 4372 and new Immigration Regulation § 713, both on their face and as applied to Plaintiffs, work a deprivation of liberty and/or property without due process of law, and a deprivation of equal protection of the laws, and infringe upon Plaintiffs' rights to freedom of association and marital privacy, in violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, as applicable to the CNMI through the Covenant.

32. Plaintiffs are entitled to a declaration of this Court so stating.

WHEREFORE, Plaintiffs prays the Court grant them the following relief:

1. A declaratory judgment stating that new 3 CMC § 4372 and new Immigration Regulation § 713 are unconstitutional.

2. A prohibitory injunction enjoining Defendants from applying or enforcing new 3 CMC § 4372 and new Immigration Regulation § 713, and a mandatory injunction compelling the issuance of Immediate Relative (706D) entry permits to Plaintiffs.

3. Costs.

4. Attorney's fees.

5. Such other and further relief as the Court deems just and proper.

6

Respectfully submitted this 24th day of May, 2007.

          O'CONNOR BERMAN DOTTS & BANES
          Attorneys for Plaintiff

          By: _____
                Joseph E. Horey

PUBLIC LAW NO. 15-17
SENATE BILL NO. <u>15-31, SD1</u>

misrepresentation, and, upon conviction thereof, may be imprisoned not more than one year, or fined not more than $2,000, or both.

(b) Affirmative Defense. It shall be an affirmative defense if a person, having established that he or she in fact believed that the alien was eligible to work, and provided or made a good faith effort to provide, within a reasonable time, services on behalf of the alien commensurate in value to the thing of value on the alien's behalf. Nothing in this provision shall impair the alien's right to seek a civil remedy against the alleged offender.

**3 CMC § 4370. Immigration and Labor Entrepreneurship Fraud.** Any individual who knowingly establishes a commercial enterprise for the purpose of evading any labor or immigration requirement, shall be imprisoned for not more than 5 years, fined not more than $2,000, or both.

**3 CMC § 4371. Conspiracy, Attempt, Solicitation.** Except to the extent otherwise prescribed in any section of this Article 7, any solicitation, attempt, or conspiracy to commit any of the offenses listed in this Article 7 shall be punishable pursuant to and in accordance with Title 9, Chapter 3 of the Commonwealth Code governing inchoate crimes.

**3 CMC § 4372. Authority to Revoke or Deny Entry Permits.**

(a) No provision of this Article 7 shall impair or inhibit the authority of the Director of Immigration to deny an application for a new entry permit, or an application for renewal of an existing entry permit, or to revoke an existing entry permit, if the Director of Immigration determines that there are substantial grounds to believe that said application or entry permit was based on fraudulent grounds, or that the applicant made material misrepresentations on said application.

(b) In the case of an entry permit based on a spousal relationship, evidence of the existence of any one of the below-enumerated factors may alone form a basis for finding substantial grounds for purposes of 3 CMC § 4372 (a):

> (1) That the spouses had little or no personal contact with each other prior to the marriage;
> (2) That either one of the spouses resides primarily outside of the

Exhibit "A"

  spousal residence and the circumstances indicate that the spouses do not intend to share the same residence; or

(3) Based on post-marital interviews and investigations conducted by Law Enforcement Officers, that the couple does not have at least a minimal personal knowledge of the other's background, beliefs, practices and habits as would be expected of a couple living as man and wife

(4) The Attorney General may promulgate by regulation additional factions which may alone form a basis for finding substantial grounds for purposes of 3 CMC § 4372 (a).

(c) Determinations made pursuant to this provision shall be subject to the Administrative Procedures Act.

**3 CMC § 4373. Effect of Conviction.** Any conviction under this Article 7 shall be considered a crime of moral turpitude for purposes of 3 CMC § 4322(b).

**3 CMC § 4374. Enforcement.**

(a) Nothing in this Article 7 shall inhibit or restrict any lawfully authorized investigative, protective, or intelligence activity of a law enforcement officer of the Commonwealth, the United States, a State, or a subdivision of a State, or of an intelligence agency of the Commonwealth or the United States, or any activity authorized under Chapter 224 of Title 18 of the United States Code.

(b) Nothing in this section shall be construed to diminish or qualify any of the penalties available for activities prohibited by this section but proscribed elsewhere in the Commonwealth Code.

(c) No officer or person shall have authority to make any arrests for a violation of this Article 7, except officers and employees of the Office of the Attorney General designated by the Attorney General, either individually or as a member of a class, and all other officers whose duty it is to enforce criminal laws.

**3 CMC § 4375. Admissibility of Testimony.**

Page 12

## IMMIGRATION REGULATIONS TITLE VII

<u>Immigration Regulation § 713. Sponsors</u>

    A.    Applicability.

Except as otherwise provided for by law or regulation, any alien applying for an entry permit under Immigration Regulation §§ 703, 704, or 706 shall have a local sponsor who shall have signed an Affidavit of Sponsorship and Support on behalf of the alien.

    B.    General Eligibility Requirements.

In order to serve as sponsor, a person must not have previously sponsored an alien who then violated United States or Commonwealth immigration laws or regulations. A violation may include sponsoring an alien who at any time is present in the Commonwealth without legal status; such determination need not be rendered by a court of law, but must, in any case, be supported by substantial evidence.

    C.    Specific Eligibility Requirements.

        1.    If the person is serving as sponsor for purposes of obtaining a Visitor Entry Permit, the sponsor must satisfy the requirements of Immigration Regulation § 703.

        2.    If the person is serving as sponsor for purposes of obtaining a Short-Term Business Entry Permit under Immigration Regulation § 704, the sponsor must establish that he or she is, or is acting on behalf of, a duly-established and lawfully operating business in the CNMI.

        3.    If the person is serving as sponsoring-spouse for purposes of obtaining or renewing an Immediate Relative of a Non-Alien Permit under Immigration Regulation § 706(D), the couple must provide evidence that at least three of the following four conditions have been satisfied:

            a    An affidavit sworn under penalty of perjury, signed by both sponsoring-spouse and the alien, attesting that the couple will share the same primary place of residence in the CNMI.

            b.    The sponsoring-spouse demonstrates residency in the CNMI by providing proof that he or she: (i) owns, either wholly or in part, or continuously maintains a leasehold interest in, a residential property, apartment, or condominium, located in the CNMI, and if an initial application, that said interest was established at least six months prior to the date on which the application for the Immediate Relative of a Non-Alien Permit was filed; or (ii)

### Exhibit "B"

    is registered to vote in the CNMI for at least one year immediately prior to submission of the application.

  c. Prior to issuance of the initial permit, and again thereafter at any time prior to the annual renewal of said permit, the couple appears together, in person and under oath, for an interview with the Director of Immigration or his designee. The purpose of said interview is solely for the purpose of determining whether the couple intends to establish a life together if an initial interview, and if a subsequent interview, the purpose shall be to determine that the marriage is not being maintained for the sole purpose of obtaining a labor and immigration benefit. The interviewer shall take all necessary steps to protect the couple's right to privacy. The interviews shall be mandatory for the first three years of the marriage, but thereafter shall take place at the discretion of the Director, upon proper notice to the parties.

  d. The sponsoring-spouse provides such other evidence that, when viewed cumulatively, would lead a reasonable person to believe that the couple intends to establish a life together if an initial application, or if a renewal, that the sole purpose of the maintaining the marriage is not to obtain a labor or immigration benefit. Such evidence may include but is not limited to evidence that the couple: (i) maintains a joint bank account; (ii) jointly owns or leases real or movable property of substantial value; (iii) regularly participates in social activities as man and wife; (iv) files joint tax returns; or (iv) has children for which both parents are providing care and supervision.

4. If the person is serving as sponsor for purposes of obtaining an Immediate Relative of an Alien Permit under Immigration Regulation §706(E), in addition to satisfying those requirements set forth by and 3 CMC §§4321(d), 4437(i), the sponsoring-spouse must reside legally and continuously in the Commonwealth.

5. If the person is serving as sponsor for the purpose of obtaining any other entry permit, the person must satisfy all enumerated conditions under the section governing that permit.

<u>Immigration Regulation § 714. Revocation of Permits</u>

 A. Applicability.

The Division of Immigration may deny any application for a new or renewed permit, or may revoke any permit issued under Title VII of these regulations upon a finding by the Director or his designee that: