**O'CONNOR BERMAN DOTTS & BANES**
**Second Floor, Nauru Building**
**1 Nauru Loop**
**Susupe, Saipan, CNMI**
**Mail: PO Box 50-1969 Saipan MP 96950**
**Phone: 234-5684**
**Fax: 234-5683**

**Attorneys for Plaintiffs**

**IN THE DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **MOHAMMED SHAJAHAN ALI,** | Civ. No. 07-0018 |
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT** |
| **MATTHEW T. GREGORY, individually and in his capacity as Attorney General of the Commonwealth of the Northern Mariana Islands, and MELVIN GREY, individually and in his capacity as Director of Immigration for the Commonwealth of the Northern Mariana Islands,** | |
| Defendant, | |

Plaintiff hereby sets forth his Complaint against Defendants as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction of this matter pursuant to the Covenant to Establish a Commonwealth of the Northern Mariana Islands In Political Union With the United States of America (Covenant) (authorizing Congress to establish this Court), 48 U.S.C. §§ 1821-22 (establishing this Court and granting it the jurisdiction of a district court of the United States), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 2201 (declaratory relief). Venue is proper in this district under 28 U.S.C. § 1391(b).

**Parties**

2. Plaintiff Mohammed Shajahan Ali (hereinafter "Ali") is a citizen of Bangladesh residing

1 in the CNMI.

3. Defendant Matthew T. Gregory is, and was at all times pertinent to this Complaint, Attorney General of the CNMI.

4. Defendant Melvin Grey is, and was at all times pertinent to this Complaint, Director of Immigration for the CNMI.

**Facts**

5. Plaintiff Ali is the lawful spouse of Pensiliter Alipet, a citizen of the Federated States of Micronesia (Pohnpei State), whom he married on Saipan, CNMI, on October 25, 2002.

6. As a consequence of his marriage, Plaintiff Ali became eligible for Immediate Relative (706D) immigration status under the immigration laws of the CNMI.

7. Plaintiff Ali applied for, and was issued, an Immediate Relative (706D) entry permit each year from 2002 through 2005, by Defendants and/or their predecessors in office. His last such permit expired on or about November 5, 2006.

8. Plaintiff Ali has submitted an application for renewal of his Immediate Relative entry permit for the year November 2006 – November 2007, which has been denied by Defendant Grey. The denial has been appealed to Defendant Gregory, and the appeal is pending.

9. On June 20, 2006, the Governor of the CNMI signed into law Public Law 15-17, which, among other things, enacts a new 3 CMC § 4372. A true and correct copy of new 3 CMC § 4372 is attached hereto as Exhibit A.

10. New 3 CMC § 4372 purports to authorize the Director of Immigration to deny an

1  application for renewal of an existing Immediate Relative (706D) entry permit if he determines that
2  there are "substantial grounds" to believe that the said application for entry permit was based on
3  fraudulent grounds.

5  11. New 3 CMC § 4372 sets forth certain enumerated factors, any one of which alone may
6  form a basis for finding such "substantial grounds."

8  12. One of the enumerated factors of new 3 CMC § 4372 is that either one of the spouses
9  resides primarily outside of the spousal residence and the circumstances indicate that the spouses
10 do not intend to share the same residence.

12 13. New 3 CMC § 4372 further purports to authorize the Attorney General to promulgate
13 by regulation additional factors which may alone form a basis for finding such "substantial
14 grounds."

16 14. On January 16, 2007, Defendant Gregory promulgated new Immigration Regulation §
17 713. A true and correct copy of new Immigration Regulation § 713 is attached hereto as Exhibit B.

19 15. New Immigration Regulation § 713 purports to set forth four conditions, three of which
20 must be met in order for a person to be eligible for renewal of an Immediate Relative (706D) entry
21 permit.

23 16. One of the conditions of new Immigration Regulation § 713 is an affidavit attesting that
24 the couple will share the same primary place of residence in the CNMI.

26 17. Another of the conditions of new Immigration Regulation § 713 is that the sponsoring
27 spouse provide evidence of residence in the CNMI.

1     18. The remaining two conditions of new Immigration Regulation § 713 require, in the case of an application for permit renewal (as opposed to an initial permit), evidence that the marriage is not being "maintained" for the sole purpose of obtaining a labor or immigration benefit.

19. Plaintiff Ali's wife is, and has been since about September 2004, residing in the United States (first in Georgia, now in Hawaii), separately from Plaintiff Ali.

20. Plaintiff Ali's Immediate Relative entry permit renewal application has been denied by Defendant Grey based on new 3 CMC § 4372 and new Immigration Regulation § 713, and will, on appeal, be evaluated and determined by Defendant Gregory, or his designee, based on such laws and regulations.  A true and correct copy of the order of denial issued by Defendant Grey is attached hereto as Exhibit C.

**First Cause of Action – Deprivation of Civil Rights**

21. Paragraphs 1-20 of this Complaint are realleged and incorporated here by reference.

22. All actions taken by Defendants Gregory and Grey as described herein were taken, and continue to be taken, under color of the law of the CNMI.

23. The promulgation of new Immigration Regulation § 713, and the evaluation and determination of Plaintiff's entry permit applications based upon new 3 CMC § 4372 and new Immigration Regulation § 713, deprives Plaintiff of liberty and/or property without due process of law, and of equal protection of the laws, and infringes upon Plaintiff's rights to freedom of association and marital privacy, in violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, as applicable to the CNMI through the Covenant, and actionable under 42 U.S.C. § 1983.

**Second Cause of Action – Declaratory Relief**

24. Paragraphs 1-23 of this Complaint are realleged and incorporated here by reference.

25. New 3 CMC § 4372 and new Immigration Regulation § 713, both on their face and as applied to Plaintiff, work a deprivation of liberty and/or property without due process of law, and a deprivation of equal protection of the laws, and infringe upon Plaintiff's rights to freedom of association and marital privacy, in violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, as applicable to the CNMI through the Covenant.

26. Plaintiff is entitled to a declaration of this Court so stating.

WHEREFORE, Plaintiff prays the Court grant him the following relief:

1. A declaratory judgment stating that new 3 CMC § 4372 and new Immigration Regulation § 713 are unconstitutional.

2. A prohibitory injunction enjoining Defendants from applying or enforcing new 3 CMC § 4372 and new Immigration Regulation § 713, and a mandatory injunction compelling the issuance of an Immediate Relative (706D) entry permit to Plaintiff.

3. Costs.

4. Attorney's fees.

5. Such other and further relief as the Court deems just and proper.

\\

\\

| | |
|---|---|
| 1 | |
| 2 | Respectfully submitted this 12th day of June, 2007. |
| 3 | |
| 4 | O'CONNOR BERMAN DOTTS & BANES |
| | Attorneys for Plaintiff |
| 5 | |
| 6 | |
| 7 | By:_____/s/_____ |
| | Joseph E. Horey |
| 8 | |
| 9 | *3359-01-070611-first amended complaint.wpd* |