PUBLIC LAW NO. 15-17
SENATE BILL NO. 15-31, SD1

misrepresentation, and, upon conviction thereof, may be imprisoned not more than one year, or fined not more than $2,000, or both.

(b) Affirmative Defense. It shall be an affirmative defense if a person, having established that he or she in fact believed that the alien was eligible to work, and provided or made a good faith effort to provide, within a reasonable time, services on behalf of the alien commensurate in value to the thing of value on the alien's behalf. Nothing in this provision shall impair the alien's right to seek a civil remedy against the alleged offender.

3 CMC § 4370. **Immigration and Labor Entrepreneurship Fraud.** Any individual who knowingly establishes a commercial enterprise for the purpose of evading any labor or immigration requirement, shall be imprisoned for not more than 5 years, fined not more than $2,000, or both.

3 CMC § 4371. **Conspiracy, Attempt, Solicitation.** Except to the extent otherwise prescribed in any section of this Article 7, any solicitation, attempt, or conspiracy to commit any of the offenses listed in this Article 7 shall be punishable pursuant to and in accordance with Title 9, Chapter 3 of the Commonwealth Code governing inchoate crimes.

3 CMC § 4372. **Authority to Revoke or Deny Entry Permits.**

(a) No provision of this Article 7 shall impair or inhibit the authority of the Director of Immigration to deny an application for a new entry permit, or an application for renewal of an existing entry permit, or to revoke an existing entry permit, if the Director of Immigration determines that there are substantial grounds to believe that said application or entry permit was based on fraudulent grounds, or that the applicant made material misrepresentations on said application.

(b) In the case of an entry permit based on a spousal relationship, evidence of the existence of any one of the below-enumerated factors may alone form a basis for finding substantial grounds for purposes of 3 CMC § 4372 (a):

    (1) That the spouses had little or no personal contact with each other prior to the marriage;

    (2) That either one of the spouses resides primarily outside of the

Exhibit "A"

PUBLIC LAW NO. 15-17
SENATE BILL NO. 15-31, SD1

        spousal residence and the circumstances indicate that the spouses do not intend to share the same residence; or

    (3) Based on post-marital interviews and investigations conducted by Law Enforcement Officers, that the couple does not have at least a minimal personal knowledge of the other's background, beliefs, practices and habits as would be expected of a couple living as man and wife

    (4) <u>The Attorney General may promulgate by regulation additional factions which may alone form a basis for finding substantial grounds for purposes of 3 CMC § 4372 (a).</u>

    (c) Determinations made pursuant to this provision shall be subject to the Administrative Procedures Act.

    **3 CMC § 4373. Effect of Conviction.** Any conviction under this Article 7 shall be considered a crime of moral turpitude for purposes of 3 CMC § 4322(b).

    **3 CMC § 4374. Enforcement.**

    (a) Nothing in this Article 7 shall inhibit or restrict any lawfully authorized investigative, protective, or intelligence activity of a law enforcement officer of the Commonwealth, the United States, a State, or a subdivision of a State, or of an intelligence agency of the Commonwealth or the United States, or any activity authorized under Chapter 224 of Title 18 of the United States Code.

    (b) Nothing in this section shall be construed to diminish or qualify any of the penalties available for activities prohibited by this section but proscribed elsewhere in the Commonwealth Code.

    (c) No officer or person shall have authority to make any arrests for a violation of this Article 7, except officers and employees of the Office of the Attorney General designated by the Attorney General, either individually or as a member of a class, and all other officers whose duty it is to enforce criminal laws.

    **3 CMC § 4375. Admissibility of Testimony.**

Page 12

## IMMIGRATION REGULATIONS TITLE VII

Immigration Regulation § 713. Sponsors

    A.    Applicability.

Except as otherwise provided for by law or regulation, any alien applying for an entry permit under Immigration Regulation §§ 703, 704, or 706 shall have a local sponsor who shall have signed an Affidavit of Sponsorship and Support on behalf of the alien.

    B.    General Eligibility Requirements.

In order to serve as sponsor, a person must not have previously sponsored an alien who then violated United States or Commonwealth immigration laws or regulations. A violation may include sponsoring an alien who at any time is present in the Commonwealth without legal status; such determination need not be rendered by a court of law, but must, in any case, be supported by substantial evidence.

    C.    Specific Eligibility Requirements.

        1.    If the person is serving as sponsor for purposes of obtaining a Visitor Entry Permit, the sponsor must satisfy the requirements of Immigration Regulation § 703.

        2.    If the person is serving as sponsor for purposes of obtaining a Short-Term Business Entry Permit under Immigration Regulation § 704, the sponsor must establish that he or she is, or is acting on behalf of, a duly-established and lawfully operating business in the CNMI.

        3.    If the person is serving as sponsoring-spouse for purposes of obtaining or renewing an Immediate Relative of a Non-Alien Permit under Immigration Regulation § 706(D), the couple must provide evidence that at least three of the following four conditions have been satisfied:

            a    An affidavit sworn under penalty of perjury, signed by both sponsoring-spouse and the alien, attesting that the couple will share the same primary place of residence in the CNMI.

            b.    The sponsoring-spouse demonstrates residency in the CNMI by providing proof that he or she: (i) owns, either wholly or in part, or continuously maintains a leasehold interest in, a residential property, apartment, or condominium, located in the CNMI, and if an initial application, that said interest was established at least six months prior to the date on which the application for the Immediate Relative of a Non-Alien Permit was filed; or (ii)

**Exhibit "B"**

     is registered to vote in the CNMI for at least one year immediately prior to submission of the application.

  c. Prior to issuance of the initial permit, and again thereafter at any time prior to the annual renewal of said permit, the couple appears together, in person and under oath, for an interview with the Director of Immigration or his designee. The purpose of said interview is solely for the purpose of determining whether the couple intends to establish a life together if an initial interview, and if a subsequent interview, the purpose shall be to determine that the marriage is not being maintained for the sole purpose of obtaining a labor and immigration benefit. The interviewer shall take all necessary steps to protect the couple's right to privacy. The interviews shall be mandatory for the first three years of the marriage, but thereafter shall take place at the discretion of the Director, upon proper notice to the parties.

  d. The sponsoring-spouse provides such other evidence that, when viewed cumulatively, would lead a reasonable person to believe that the couple intends to establish a life together if an initial application, or if a renewal, that the sole purpose of the maintaining the marriage is not to obtain a labor or immigration benefit. Such evidence may include but is not limited to evidence that the couple: (i) maintains a joint bank account; (ii) jointly owns or leases real or movable property of substantial value; (iii) regularly participates in social activities as man and wife; (iv) files joint tax returns; or (iv) has children for which both parents are providing care and supervision.

4. If the person is serving as sponsor for purposes of obtaining an Immediate Relative of an Alien Permit under Immigration Regulation §706(E), in addition to satisfying those requirements set forth by and 3 CMC §§4321(d), 4437(i), the sponsoring-spouse must reside legally and continuously in the Commonwealth.

5. If the person is serving as sponsor for the purpose of obtaining any other entry permit, the person must satisfy all enumerated conditions under the section governing that permit.

<u>Immigration Regulation § 714. Revocation of Permits</u>

A. Applicability.

The Division of Immigration may deny any application for a new or renewed permit, or may revoke any permit issued under Title VII of these regulations upon a finding by the Director or his designee that:



**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**
**OFFICE OF THE ATTORNEY GENERAL**
**DIVISION OF IMMIGRATION**
Second Floor Afetna Square Building, San Antonio,
P.O. Box 10007, Saipan, MP 96950
Telephone no.: (670) 236-0921/2/3, Facsimile no.: (670) 664-3190/3170
Website: www.cnmiago.gov.mp
VEP: vep@cnmi-gov.net

April 11, 2007

Md Shajaha Ali
P.O. Box 503714
Saipan, MP 96950

SUBJECT:   Order Denying Renewal of Entry Permit # 131034

Dear Mr. Ali,

This letter is to notify you that your application for renewal of your Entry Permit under classification 706(D) is denied. Any person aggrieved by this order may appeal, in writing, to the Attorney General through the Director of Immigration within fifteen (15) days of the date of this order.

The reason for the denial is that your sponsoring spouse departed from the Commonwealth of the Northern Mariana Islands on September 28, 2004 and has not returned. Specifically it appears that you are unable to satisfy the criteria listed under Title 3 CMC § 4372(b) and Immigration Regulations Section 713.

**This denial is consistent with Title 3 CMC § 4372, which states;**

(a)   No Provision of this Article 7 shall impair or inhibit the authority of the Director of Immigration to deny any application for a new entry permit, or an application for a renewal of an existing permit, or to revoke an existing permit, if the Director of Immigration determines that there are substantial grounds to believe that said application or entry permit was based on fraudulent grounds, or that the applicant made material misrepresentations on said application.

(b)   In the case of an entry permit based on a spousal relationship, evidence of the existence of any one of the below enumerated factors may alone form a basis for finding substantial grounds for purposes of 3 CMC § 4372(a):

**Exhibit "C"**

Letter: Denial
4/11/07
Page 2nd

(1)    That the spouses had little or no personal contact with each other prior to the marriage;

(2)    That either one of the spouses resides primarily outside of the spousal residence and the circumstances indicate that the spouses do not intend to share the same residence: or

(3)    Based on post-marital interviews and investigations conducted by Law Enforcement Officers, the couple does not have a least minimal personal knowledge of the other's background, beliefs, practices and habits as would be expected of a couple living as man and wife.

(4)    The Attorney General may promulgate by regulation additional factions that may alone form a basis for finding substantial grounds for purposes of 3 CMC § 4372(a).

(c)    Determinations made pursuant to this provision shall be subject to the Administrative Procedures Act.

**Immigration Regulation Section 713 (C)(3) reads:**

3.    If the person is serving as sponsoring spouse for purposes of obtaining or renewing an Immediate Relative of a Non-Alien Permit under Immigration Regulation § 706(D), the couple must provide evidence that at least three of the following four conditions have been satisfied.

a.    An affidavit sworn under penalty of perjury, signed by both sponsoring-spouse and the alien, attesting that the couple will share the same primary place of residence in the CNMI Government

b.    The sponsoring-spouse demonstrates residency in the CNMI providing proof that he or she: (i) owns, either wholly or in part, or continuously maintains a leasehold interest in, a residential property, apartment, or condominium. Located in the CNMI, and if an initial application, that said interest was established at least six months prior to the date on which the application for the Immediate Relative of a Non-Alien Permit was filed; or (ii) is registered to vote in the CNMI for at least one year prior to submission of the application.

Letter: Denial
4/11/07
Page 3

c.  Prior issuance of the initial permit, and again thereafter at any time prior to the annual renewal of said permit, the couple appears together, in person and under oath, for an interview with the Director of Immigration or his designee. The purpose of said interview is solely for the purpose of determining whether the couple intends to establish a life together if an initial interview, and if a subsequent interview, the purpose shall be to determine that the marriage is not being maintained for the sole purpose of obtaining a labor and immigration benefit. The interviewer shall take all necessary steps to protect the couple's right to privacy. The interviews shall be mandatory for the first three years of marriage, but thereafter shall take place at the discretion of the Director, upon proper notice to the parties.

d.  The sponsoring-spouse provides such other evidence that, when viewed cumulatively, would lead a reasonable person to believe that the couple intends to establish a life together if an initial application, or if a renewal, that the sole purpose of maintaining the marriage is not to obtain a labor or immigration benefit. Such evidence may include but is not limited to evidence that the couple: (i) maintains a joint bank account; (ii) jointly owns or leases real or movable property of substantial value; (iii) regularly participates in social activities as man and wife; (iv) files joint tax returns; or (v) has children for which both parents are providing care and supervision.

**Immigration Regulation Section 711 reads:**

A.  The denial of an entry permit shall be in writing stating the reasons for the denial. This writing shall be provided to the applicant.

B.  The denial of an entry permit may be appealed to the Attorney General by the person denied or excluded within fifteen (15) days of the notice of denial. The Attorney General may rely solely on the documents submitted or may supplement them with additional information. He shall provide the denied alien with all with all the opportunities to be heard made available in Section 16 of Public Law No, 13-105. He may affirm, modify, or reverse the decision.

Melvin Grey
Director of Immigration