GREGORY  BAKA  # F0199
Deputy Attorney General
KEVIN  A.  LYNCH  # F0230
Assistant Attorney General
OFFICE  OF  THE  ATTORNEY  GENERAL
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP  96950-8907
Telephone:    (670) 664-2341
Fax:            (670) 664-2349
E-mail:        gbaka79@yahoo.com
                lynchesq@gmail.com

Attorneys for Defendants Matthew T. Gregory and Melvin Grey

# UNITED  STATES  DISTRICT  COURT

## FOR  THE  NORTHERN  MARIANA  ISLANDS

| | |
|---|---|
| MOHAMMED  SHAJAHAN  ALI,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MATTHEW  T.  GREGORY, individually and in his capacity as Attorney General of the Commonwealth of the Northern Mariana Islands, and MELVIN  GREY, individually and in his capacity as Director of Immigration for the Commonwealth of the Northern Mariana Islands,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL  ACTION  NO.  07-0018

**DEFENDANTS'  MOTION  TO DISMISS  FOR  LACK  OF SUBJECT  MATTER JURISDICTION — RIPENESS; CERTIFICATE  OF  SERVICE**

Hearing:      Thursday, 30 August 2007
Time:         9:00 a.m.
Judge:        Hon. Alex R. Munson

     **PLEASE  TAKE  NOTICE**, pursuant to Local Rule 7.1.b., that Defendants move to dismiss the First Amended Complaint, as set forth below.

**COME NOW** the Defendants, through their counsel the Commonwealth of the Northern Mariana Islands (CNMI) Office of the Attorney General (OAG), and move pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the First Amended Complaint due to lack of subject matter jurisdiction, specifically, lack of ripeness.

## I. STANDARD FOR MOTION TO DISMISS

For motions to dismiss under Rule 12(b)(1), unlike a motion under Rule 12(b)(6), the moving party may submit

> affidavits or any other evidence properly before the court.... It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction. The district court obviously does not abuse its discretion by looking to this extra-pleading material in deciding the issue, even if it becomes necessary to resolve factual disputes.

St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir.1989) (citations omitted); see also Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) ("Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).

Association of American Medical Colleges v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000).

## II. ARGUMENT

This case is not proper for resolution under 28 U.S.C. § 1331 or for declaratory relief under 28 U.S.C. § 2201 because the matter is still subject to administrative proceedings under the laws of the CNMI and has not ripened into a controversy subject to adjudication. Defendants admit that Plaintiff submitted an application for renewal of his permit for the year November 2006-2007. See First Amended Complaint, ¶ 8. Defendants

1 further admit that the permit application has been denied by Defendant Grey.  Id.

2 However, as set forth below, Defendants would deny that the appeal is pending before

3 Defendant Gregory.  Certainly no decision has been alleged to have been made by him.

4       Paragraph 20 of the First Amended Complaint is admitted as to the allegation that

5 Defendant Grey denied the permit application based on 3 CMC § 4372 and Immigration

6 Regulation 713 (attached to First Amended Complaint).  If an answer were to be filed at

7 this time, Defendants would deny that Defendant Gregory will evaluate and determine the

8 appeal because that outcome is speculative.  The issue must first be determined by

9 an administrative hearing officer.  Whether an appeal from that decision will occur is

10 unknown.  The hearing is presently scheduled for August 22, 2007.  A copy of the notice

11 of Administrative Hearing is attached, and is judicially noticeable.

12       Likewise, Paragraph 26 of the First Amended Complaint would be denied for the

13 reason that Plaintiff's claim has not yet been determined in the administrative process

14 within the CNMI OAG, Division of Immigration.  As shown in the attached notice,

15 Plaintiff's administrative hearing has been scheduled, but has not been held.

16       Plaintiff is not entitled to a declaration from this Court because the case is not ripe

17 for adjudication under 28 U.S.C. § 2201.

18      "As a prudential matter, we will not consider a claim to be ripe for judicial
resolution 'if it rests upon contingent future events that may not occur as

19 anticipated, or indeed may not occur at all.'" Texas v. United States,
523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (quoting Thomas

20 v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 581, 105 S.Ct. 3325, 87
L.Ed.2d 409 (1985)); accord Hodgers-Durgin v. de la Vina, 199 F.3d 1037,

21 1044 (9th Cir.1999).

22 Scott v. Pasadena Unified School Dist., 306 F.3d 646, 662 (9th Cir. 2002).  See also

23 Association of American Medical Colleges v. United States, 217 F.3d 770, 779-84

24 (9th Cir. 2000); Chang v. United States, 327 F.3d 911 921-22 (9th Cir. 2003) (claim ripe

25 where INS failed to act within the 90-day period required by statute and it was undisputed

1  that petitions would be rejected if precedent applied to them; if denial is **certain** review

2  will not be barred based on ripeness).

3        Here an administrative hearing officer and the Attorney General of the CNMI have

4  yet to apply the facts to the law in the case of Plaintiff.  Plaintiff certainly has not conceded

5  or admitted in his complaint that he does not qualify for a permit.

6

7                          **IV.  CONCLUSION**

8        The Court lacks of subject matter jurisdiction to consider the First Amended

9  Complaint due to an absence of ripeness.  The First Amended Complaint should therefore

10  be dismissed.

11

12        Respectfully submitted,

                                   OFFICE  OF  THE  ATTORNEY GENERAL
13

14  Dated:  Monday, 9 July 2007.            _____/s/_____
                                   GREGORY  BAKA  # F0199
15                                   Deputy Attorney General

16
    Dated:  Monday, 9 July 2007.            _____/s/_____
17                                   KEVIN  A.  LYNCH  # F0230
                                   Assistant Attorney General
18

19                                   Attorneys for Defendants

20

21

22

23

24  n:\ . . . \gbaka\civil\immigration\Ali v. Gregory\MTD.1st.AC.for.lack.of.jurisdiction—ripeness.pld.wpd

25

                                   4

1

**CERTIFICATE OF SERVICE**

2

Pursuant to Federal Rule of Civil Procedure 5(d), the undersigned declarant states as follows:

3

1.      I am eighteen years of age or older, and I certify that I caused to be served the following

4

documents to the last known address(es) listed below on the date(s) indicated.

5

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION — RIPENESS; CERTIFICATE OF SERVICE**

6

7

2.      As set forth below, this service was accomplished by personal delivery; U.S. Mail; deposit with

8

Clerk of Court (in attorney box), cf. Fed. R. Civ. P. 5(b)(2)(D); or electronic service, see Local Rule 5.1.

9

10

11

Joseph E. Horey, Esq. # F0194                  Attorney for Plaintiff
O'Connor, Berman, Dotts & Banes                Tel:  (670) 234-5684
Marianas Business Plaza,  2nd Fl.              Fax:  (670) 234-5683
Nauru Loop, Susupe                             E-mail:  attorneys@saipan.com
P. O. Box 501969                                                    **Via Electronic Service**
Saipan, MP  96950-1969

12

3.      I declare under penalty of perjury that the foregoing is true and correct.  Executed on

13

Monday, 9 July 2007.

14

_Gregory Baka_
_____
Deputy Attorney General
Attorney for Defendants

15

16

17

18

19

20

21

22

23

24

25