GREGORY BAKA # F0199
Deputy Attorney General
KEVIN A. LYNCH # F0230
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP 96950-8907
Telephone:   (670) 664-2341
Fax:         (670) 664-2349
E-mail:      gbaka79@yahoo.com
             lynchesq@gmail.com

Attorneys for Defendants Matthew T. Gregory and Melvin Grey

UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| MOHAMMED SHAJAHAN ALI,<br><br>           Plaintiff,<br><br>       vs.<br><br>MATTHEW T. GREGORY, individually and in his capacity as Attorney General of the Commonwealth of the Northern Mariana Islands, and MELVIN GREY, individually and in his capacity as Director of Immigration for the Commonwealth of the Northern Mariana Islands,<br><br>           Defendants. | CIVIL ACTION NO. 07-0018<br><br>**DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE**<br><br>Hearing:   Thursday, 30 August 2007<br>Time:      9:00 a.m.<br>Judge:     Hon. Alex R. Munson |

**COME NOW** the Defendants, pursuant to Local Rule 7.1.c.2., through their counsel the Commonwealth of the Northern Mariana Islands (CNMI) Office of the Attorney General (OAG), and oppose Plaintiff's motion pursuant to Federal Rule of Civil Procedure 56 for summary judgment or, alternatively, for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 (a) (not cited by Plaintiff).

## I. ARGUMENT

Plaintiff raises case law that was decided decades ago to invalidate federal immigration regulations and other state restrictions on personal conduct in a futile attempt to tar the CNMI regulations with the same brush.

Yet Plaintiff overlooks the fact that to this very day, aliens seeking U.S. lawful permanent residence (LPR) due to marriage must satisfy objective criteria to establish entitlement to LPR status. This must be done upon initial application for LPR, and additionally after two years to remove the "condition" on LPR. 8 C.F.R. § 216.4(a)(5).

There is no intrusive investigation into the private areas of marriage that the courts have confirmed as sacrosanct generations ago, either by the CNMI nor the contemporary federal regulations upon which the local regs were modeled.

The first phase for an immigrant alien spouse seeking LPR is a petition either by a citizen or another LPR. The United States has established criteria where an LPR-petitioner has derived that status from a prior marriage to someone else.

There is a presumption against allowing an LPR to petition a spouse within five years of gaining LPR status from a prior spouse. Under 8 C.F.R. § 204.2(a)(1)(i)(C), "The petitioner must establish by clear and convincing evidence that the prior marriage was not entered into for the purpose of evading the immigration laws. Failure to meet

2

1  the 'clear and convincing evidence' standard will result in the denial of the petition." Id.
2  The petitioner

> should submit documents which cover the period of the prior marriage. The types of documents which may establish that the prior marriage was not entered into for the purpose of evading the immigration laws include, but are not limited to:
>
> (1) Documentation showing joint ownership of property;
> (2) A lease showing joint tenancy of a common residence;
> (3) Documentation showing commingling of financial resources;
> (4) Birth certificate(s) of child(ren) born to the petitioner and prior spouse;
> (5) Affidavits sworn to or affirmed by third parties having personal knowledge of the bona fides of the prior marital relationship.

8 C.F.R. § 204.2 (a)(1)(i)(B). See also 8 C.F.R. § 204.2 (a)(1)(iii)(B); 8 C.F.R. § 216.4(a)(5). Plaintiff cites to no successful constitutional challenge to the Department of Homeland Security inquiring into the bona fide nature of a marriage when an immigration benefit based on that marriage is applied for, either upon initial application or removal of the "condition" two years later.

Contrary to the core argument of Plaintiff, Pl.'s Mot.. at 6, n.4, the federal government is not merely looking at a bona fide marriage once. For most couples, there is the initial application, and then a similar review two years later covering the intervening years. For those who were married before to someone else, and used that prior marriage to gain access to the country, there is a five-year period of scrutiny — albeit retroactive at the time of the initial application based on the second marriage.

Plaintiff objects to having "his marriage continue to be investigated and judged by the Government," but fails to make any showing that the nature of the CNMI regulations is substantively different from the constitutionally sound federal requirements, or that the duration of annual renewal requirements is of a constitutional magnitude beyond the

3

seven-year scrutiny of some second marriages (five years pre-petition, two years to remove the "condition") by the federal government.

Likewise, Plaintiff has shown no evidence of intrusiveness in the CNMI Regulations, nor set forth a scintilla of evidence of disparate application of the regs. Indeed, while claiming there is no dispute of material fact, he doesn't quote a single provision of the regulations he disagrees with. The motion consists almost entirely of raising legal questions and factual speculation without tying it into the record, or citing law prohibiting a plethora of privacy invasions without any attempt to tie it to current federal law or the CNMI regulations at issue.

Similarly, as to the motion for preliminary injunction, Plaintiff doesn't even bother to cite the relevant Federal Rule of Civil Procedure, though a case setting forth the balancing test under Rule 65(a) is provided. In conclusory fashion, he claims "irreparable harm" from having "the incidents of his marriage continue to be investigated and judged by the Government," Pl.'s Mot. at 7, while neglecting to mention that this will only happen once a year, so it will take at least two years to reach the period of the federal regulations that have never succumbed to a challenge such as Plaintiff's. This is hardly the stuff of which preliminary injunctions are made, and the likelihood of success on the merits deserves even less ink.

## II. CONCLUSION

The Plaintiff's motion for summary judgment ignores federal immigration regulations that have proven invulnerable to constitutional challenge, where the federal government engages in the same inquiry as the CNMI into the bona fide nature of a marriage when it is used as the basis for an immigration benefit.

1 Plaintiff has established neither irreparable harm nor likelihood of success on the
2 merits.
3 The motion for summary judgment and alternate motion for preliminary injunction
4 should be summarily denied.

6 Respectfully submitted,        OFFICE OF THE ATTORNEY GENERAL

8 Dated: Thursday, 26 July 2007.        _____/s/_____
GREGORY BAKA # F0199
9 Deputy Attorney General

10 KEVIN A. LYNCH # F0230
Assistant Attorney General

12 Attorneys for Defendants

25 n:\ . . . \gbaka\civil\immigration\Ali v. Gregory\Defs'.opp.to.MSJ.pld.wpd

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(d), the undersigned declarant states as follows:

1.  I am eighteen years of age or older, and I certify that I caused to be served the following documents to the last known address(es) listed below on the date(s) indicated.

**DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE**

2.  As set forth below, this service was accomplished by personal delivery; U.S. Mail; deposit with Clerk of Court (in attorney box), cf. Fed. R. Civ. P. 5(b)(2)(D); or electronic service, see Local Rule 5.1.

| | |
|---|---|
| Joseph E. Horey, Esq. # F0194 | Attorney for Plaintiff |
| O'Connor, Berman, Dotts & Banes | Tel: (670) 234-5684 |
| Marianas Business Plaza, 2nd Fl. | Fax: (670) 234-5683 |
| Nauru Loop, Susupe | E-mail: attorneys@saipan.com |
| P. O. Box 501969 | **Via Electronic Service** |
| Saipan, MP 96950-1969 | |

3.  I declare under penalty of perjury that the foregoing is true and correct. Executed on Thursday, 26 July 2007.

*Gregory Baka*
Deputy Attorney General
Attorney for Defendants